**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BRIC PLASNYER, | Case No. 2:23-cv-01539-GMN-VCF |
| Petitioner, | **ORDER** |
| v. | |
| DIRECTOR DZURENDA, et al., | |
| Respondents. | |

Petitioner Bric Plasnyer has submitted a *pro se* 28 U.S.C. § 2254 habeas petition and paid his filing fee. (ECF Nos. 3, 5.) This matter comes before the Court for initial review under the Rules Governing Section 2254 Cases ("Habeas Rules"). For the reasons discussed below, this Court dismisses the petition as not cognizable.

**I.   BACKGROUND**[1]

Plasnyer challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Bric Plasnyer*, Case No. 10C263023. On March 2, 2011, the state court entered a judgment of conviction, pursuant to a guilty plea, for second-degree murder and burglary while in possession of a firearm. Plasnyer was sentenced to an aggregate sentence of 15 years to life in prison. Plasnyer did not appeal his judgment of conviction.

On March 5, 2013, Plasnyer filed a *pro se* state petition for a writ of habeas corpus. The state court denied the petition on June 3, 2013. Plasnyer appealed, and the Nevada Supreme Court

---

[1] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts, which are accessible at https://www.clarkcountycourts.us/Portal and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

affirmed on January 15, 2014, finding that Plasnyer's state habeas petition was untimely and that Plasnyer failed to demonstrate cause to overcome the procedural default. Remittitur issued on February 11, 2014.

On July 6, 2016, Plasnyer moved to modify his sentence. On August 3, 2016, the state court denied the motion. Plasnyer appealed, and the Nevada Court of Appeals affirmed on June 14, 2017. Remittitur issued on July 12, 2017. On August 7, 2017, Plasnyer moved to withdraw his plea. On October 11, 2017, the state court denied the motion. On June 11, 2018, Plasnyer moved to modify his sentence. On June 26, 2018, the state court denied the motion. Plasnyer appealed, and the Nevada Court of Appeals affirmed on May 17, 2019. Remittitur issued on June 14, 2019.

Plasnyer filed his federal habeas petition on October 12, 2023. (ECF No. 5.) Plasnyer brings three claims regarding a violation of his equal protection and due process rights concerning the Nevada Department of Corrections' calculation of his parole eligibility. (*Id.*)

**II.   DISCUSSION**

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Plasnyer's petition fails to allege a cognizable federal habeas claim. The Antiterrorism and Effective Death Penalty Act (AEDPA) "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing

*Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)).  A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).  Thus, a habeas corpus petition must allege a deprivation of one or more federal rights to present a cognizable federal habeas corpus claim.  In narrow circumstances, a state law may create a constitutionally protected liberty interest if the law (1) sets forth the substantive predicates to govern the official decision-making and (2) contains explicitly mandatory language, *i.e.*, a specific directive to the decision-maker that mandates a particular outcome when the substantive predicates have been met. *E.g., Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 462 (1989).

Federal habeas relief is unavailable "for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).  A state's interpretation of its own laws or rules provides no basis for federal habeas relief because no federal question arises. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (federal courts may not reexamine state court decisions on state law issues).  A petitioner "may not transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997).

In his petition, Plasnyer alleges that his parole eligibility has been delayed in violation of the Nevada Constitution and NRS § 209.4465 due to Respondents' incorrect calculation of his good time credit deductions and work credit deductions. (ECF No. 5 at 3.)  Due to these errors, Plasnyer contends that his parole eligibility date should be January 6, 2024. (*Id*.)  Plasnyer explains that Respondents interpret NRS § 209.4465 is a way that discriminates against prisoners and calculate parole eligibility based on their own methodology rather than based on NRS § 209.4465. (*Id*. at 5.)

1   Although Plasnyer mentions equal protection and due process in the petition, his claim presents no federal question because it plainly involves the application or interpretation of state law regarding computation of statutory credits. *See Swarthout v. Cooke*, 562 U.S. 216, 220-22 (2011) (noting that the Supreme Court has "long recognized that a mere error of state law is not a denial of due process"). Further, Nevada inmates possess no liberty interest in being released on parole, *Moor v. Palmer*, 603 F.3d 658, 662-63 (9th Cir. 2010), or the application of good time credits, *Witherow v. Farwell*, 383 Fed. App'x 688 (9th Cir. 2010) (holding that good time credits do not apply to an indefinite maximum term such as a life sentence) (citing *Hunt v. Warden*, 903 P.2d 826, 827 (Nev. 1995)). Plasnyer claims are a question of state law and therefore are not cognizable in federal habeas corpus proceedings.

Moreover, Plasnyer's petition is non-cognizable in federal habeas because success on its merits "would not necessarily lead to immediate or speedier release." *See Nettles v. Grounds*, 830 F.3d 922, 934-35 (9th Cir. 2016). Habeas relief is not available for "probabilistic claims," *i.e.*, where success on the claims "*could potentially* affect the duration of confinement" or is "*likely* to accelerate the prisoner's eligibility for parole." *Id.* at 933–34 (quotation omitted). Here, if Plasnyer were to succeed on his claims, it would mean an earlier parole hearing. But an earlier parole hearing will not necessarily lead to his immediate or speedier release because the parole board has the authority and discretion to grant or deny parole. *Wydeven v. Warden, Lovelock Corr. Ctr.*, 238 P.3d 867 (Nev. 2008) (citing NRS 213.1099(2) ("The decision of whether or not to grant parole lies within the discretion of the parole board and the creation of standards does not restrict the Parole Board's discretion to grant or deny parole.")). Because success on Plasnyer's claims would not necessarily lead to his immediate or speedier release, they do not fall in the "core" of habeas

and must be brought, if at all, in a civil rights complaint under 42 U.S.C. § 1983. *See, e.g.*, *Gordon v. Premo*, 757 Fed. App'x 627, 628 (9th Cir. 2019).

### III. CONCLUSION

It is therefore ordered that the petition (ECF No. 5) is dismissed as not cognizable. A certificate of appealability is denied, as jurists of reason would not find dismissal of the petition to be debatable or wrong.

It is further ordered that the Clerk of the Court (1) add Nevada Attorney General Aaron D. Ford as counsel for Respondents, (2) informally serve Respondents by sending a notice of electronic filing to the Nevada Attorney General's office of the petition (ECF No. 5), this order, and all other filings in this matter by regenerating the notices of electronic filing,[2] (3) enter final judgment dismissing this action, and (4) close this case.

Dated: October 15, 2023

Gloria M. Navarro, Judge
United States District Court

---

[2] No response is required from respondents other than to respond to any orders of a reviewing court.